```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       ALBANY DIVISION
LEONARD KING,                  :
                               :
     Plaintiff,                :
                               :
vs.                            :      CIVIL ACTION
                               :      FILE NUMBER_____
CALHOUN COUNTY SCHOOL DISTRICT:
and MICHAEL WARD IN HIS        :
OFFICIAL CAPACITY AS           :
SUPERINTENDENT OF THE CALHOUN :
COUNTY SCHOOL DISTRICT         :      JURY TRIAL DEMANDED
AND AS AN INDIVIDUAL           :
                               :
Defendants.                    :
                               :
```

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, by and through his attorney, and shows this Honorable Court the following:

I.

## JURISDICTION AND VENUE

1.

This action is brought pursuant to Title VII of Civil Rights Act of 1964, codified at 42 U.S.C. § 2000-e ("Title VII"), the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983, all as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1983 ("§ 1983") for violations of the equal protection clause of Fourteenth Amendment to the United States Constitution to redress Plaintiff's rights to be free from race discrimination and retaliation under the United States Constitution, the Constitution of the State of

1

Georgia, and Georgia state law.  The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2.

Venue lies in this Court under 28 U.S.C. § 1391(b) and this cause resides in the Albany Division of this Court because a party to this action resides within the boundaries of this judicial district.  Moreover, the unlawful employment practices alleged below were committed in the Middle District of the State of Georgia.

II.

**PARTIES**

3.

Plaintiff, Leonard King, is a black male at all times relevant to this Complaint and is a resident of the Middle District of Georgia residing in Leesburg, Lee County, Georgia. Plaintiff is a 1989 graduate of Calhoun County High School in Edison, Calhoun County, Georgia. Plaintiff was at all times relevant hereto, an employee of the Calhoun County School District.

4.

At all times relevant to this Complaint, Defendant Calhoun County School District, (hereinafter **"CCSD"**) was a school district in the State of Georgia with an address listed as 133 Cougar Lane, Edison, Georgia 39846 located in the Middle District of Georgia. This school system is  located in, and the school system is doing

business, within this judicial district.  At all times relevant to this complaint, the **CCSD** has employed in excess of 15 employees.

5.

The Defendant **CCSD** is liable for constitutional deprivations pursuant to governmental custom, policy, or practice whether written or unwritten.  Monell v. New York Dept. of Social Services, 436 U.S.C. 658 (1978).  The Defendant **CCSD** is also liable for the misconduct, inadequate training, failure to train, negligent hiring, negligent retention and negligent supervision of its employees.

6.

At all times relevant to this Complaint, Defendant Michael Ward, (hereinafter **"Ward"**) was the superintendent of the Calhoun County School District in the State of Georgia with an address listed as 133 Cougar Lane, Edison, Georgia 39846, and residing within this judicial district. He failed to adequately train and supervise certain school district personnel, including those who participated in the discrimination and the retaliation against Plaintiff for engaging in protected activity.  At all times relevant hereto, Ward and all other school district employees, were acting under the color of state law. **Ward** is being sued in both his individual and official capacities.  He participated in the discrimination against  Plaintiff; the harassment and retaliation against Plaintiff for engaging in protected activity; and he made

the decision to terminate Plaintiff's employment.

III.

**GENERAL ALLEGATIONS**

7.

Plaintiff began was employed with the defendant **CCSD** as a physical education teacher. Plaintiff also served as the head football coach. Plaintiff was certified  as a Physical Education teacher by the State of Georgia. Prior to the discrimination, retaliation, and harassment against him, Plaintiff had always performed his duties in a satisfactory manner and Plaintiff's evaluations reflected a ranking of Level III on his evaluations. Prior to the discrimination against him, Plaintiff worked as a Physical Education teacher at the Calhoun County Elementary School.

8.

Plaintiff was working in his capacity as an elementary physical education teacher during the 2020-2021 school year when he was told that he would be reassigned as a social studies teacher. Plaintiff was not certified as a social studies teacher and he did not understand why he was being reassigned a social studies position. Plaintiff was reassigned to this social studies position for a short period of time.

9.

At some point, Plaintiff questioned why he was reassigned to a position that he was not certified in. Plaintiff learned that at

4

the time he was reassigned to the position of a social studies
teacher because a white female, who was not a certified teacher,
had been recommended to be placed in his physical education
position. Plaintiff was informed by a teacher and/or administrator
in the district that the white female was actually hired so that
the white female could be placed in the physical education position
that he was in.

11.

Plaintiff complained to Ward that it was discriminatory to be
removed from his certified position and placed in a position that
he was not certified in just so a white female could be placed in
his position.  After Plaintiff complained, he was subjected to a
continuous pattern of discrimination and retaliation.

12.

Prior to the events as stated above, Ward had a policy,
pattern, and/or practice of treating white employees more favorable
than black employees.  Based on information and belief, Ward told
people that he did not want the predominantly black public school
district to become like the predominantly white charter school in
Calhoun County, Georgia. Ward did not want the public school
district to have a limited number of white teachers because the
charter school had a limited number of black teachers.

13.

After Plaintiff complained of discrimination, Plaintiff was

retaliated against. Plaintiff filed a written complaint alleging that he was discriminated against and retaliated against pursuant to the CCSD's grievance policy. However, the CCSD did not address Plaintiff's complaint in accordance with the written policies of the district.  When Plaintiff did not receive a response to his complaint, in accordance with the written policy, he filed an appeal with Ward.

14.

Plaintiff made the appeal to the defendant Ward on April 5, 2021. After Plaintiff had made the appeal to Ward, he received an untimely response to his initial complaint of discrimination. However, in addition to being untimely, this response did not comply with the written policy of the CCSD as Plaintiff did not meet with the first level administrator and no hearing was held with the first level administrator. Plaintiff again appealed to Ward, in accordance with the written policy, on April 15, 2021. On April 28, 2021, Plaintiff received a response from his appeal of his grievance from Ward that did not comply with the written policy of the CCSD as Plaintiff did not meet with the second level administrator and Plaintiff was not provided a hearing with the second level administrator.

15.

After receiving the decision of the second level administrator that did not comply with the CCSD's written policy, Plaintiff filed

his appeal to the Calhoun County Board of Education, on April 28,
2021, in accordance with the written policies and procedures of the
CCSD. On or about May 10, 2021, Plaintiff received a response to
his appeal from the Calhoun County Board of Education's Chairman,
Julian Holder, that did not comply with the written policies of the
CCSD. Plaintiff was not afforded a hearing before the Calhoun
County Board of Education as required by the written policies of
the CCSD.

16.

Plaintiff made a written demand for a hearing before the
Calhoun County Board of Education. As of the date of this
complaint, Plaintiff had not received a hearing before the Calhoun
County Board of Education.  On June 10, 2021, Plaintiff appealed
the decision of the Calhoun County Board of Education to the
Georgia State Board of Education. On June 25, 2021, Plaintiff
received a letter from Stacy Suber-Drake, General Counsel for the
Georgia State Board of Education, stating that the Georgia State
Board of Education did not have jurisdiction over Plaintiff's
appeal because the Calhoun County Board of Education did not
conduct a hearing so there was no transcript, and no decision by
the Calhoun County Board of Education. After receiving the letter
from Stacy Suber-Drake, Plaintiff filed an amendment to his demand
for a hearing. As of the date of this complaint, Plaintiff had not
received a hearing.

17.

Prior to, and after, the occurrence of the events in this lawsuit, Plaintiff had complained about the discriminatory practices and policies of defendants, and according to the policies and procedures of defendants, Plaintiff was not supposed to be subjected to any harassment and/or retaliation for utilizing defendants' policies and procedures. Plaintiff had discussed the discriminatory treatment and harassment with his supervisors at **the CCSD**. Plaintiff complained to the principal, superintendent, and to members of the Calhoun County Board of Education.

18.

Plaintiff did not quit even after the discrimination and retaliation against him, and the discrimination and retaliation against Plaintiff continued. Plaintiff received written notice on May 4, 2021, that his employment with the CCSD would be terminated. Plaintiff was not provided a reason for his termination at this time. Plaintiff made a written request to Ward, pursuant to O.C.G.A. § 20-2-211(b), for a written explanation for the failure of the executive officer to renew his contract.

19.

The defendants terminated Plaintiff's employment even though the CCSD had received federal COVID funding. The purpose of the COVID funding the CCSD received was to assist the CCSD in retaining employees such as Plaintiff. Based on knowledge and belief, during

this period of time, the CCSD received more than four million
dollars ($4,000,000.00) in federal funds to retain employees such
as Plaintiff. The defendants failed to abide by the Open Records
Act when they failed to provide documents within the time period
required by the Georgia Open Records Act. After Plaintiff was
terminated, the CCSD hired two (2) para-professionals to work in
the Physical Education Department. Prior to the termination of
Plaintiff, there were no para-professionals working in the physical
education department.

20.

After Plaintiff was terminated, the defendants continued to
discriminate and retaliate against Plaintiff. Plaintiff was
relieved of his position as head football coach and he was replaced
by a white male. Plaintiff was not allowed to access school
facilities and he was told to turn in his keys and other items in.
Plaintiff received negative write ups, Plaintiff was removed from
the elementary school's leadership team, and Plaintiff was removed
from the district's positive Behavior Intervention System. Finally,
Plaintiff was relieved of his job duties and told to go home and
not to return to work even though his employment contract had not
ended.

21.

But for the fact of Plaintiff's status as a black male,
Plaintiff would not have been terminated and then retaliated

against, and subjected to such harassment. The defendants' actions in subjecting Plaintiff to race discrimination and retaliation constitute unlawful discrimination in violation of Title VII, § 1981, and § 1983.

22.

This unwelcomed race discrimination against Plaintiff unreasonably interfered with Plaintiff's right to enter into a contract, affected the terms, conditions and privileges of his employment and further created a hostile, abusive, offensive and intolerable working environment for him.

23.

As of the date of this Complaint, Plaintiff had not been reinstated to his former position of employment.

24.

At all times relevant to this Complaint, **Ward** and other employees of **CCSD**, were the alter-egos of Defendant **CCSD** and, as such, **CCSD** had actual and/or constructive knowledge of the unlawful race discrimination and retaliation perpetrated upon Plaintiff.

25.

**Ward** did not take sufficient action to formulate and implement policies to prevent discrimination against the class of persons to whom Plaintiff belongs.

26.

As such, by failing or refusing to formulate and implement

policies to prevent said discrimination, the **CCSD** created and perpetuated a de facto policy of allowing, condoning, and ratifying such unlawful and discriminatory conduct in the workplace, and in so doing, acted with malice or reckless indifference to Plaintiff's federally protected rights.

27.

The defendants' reasons for harassing, retaliating against, and terminating Plaintiff's employment were purely pretextual and otherwise discriminatory in nature.

28.

On October 4, 2021, Plaintiff filed an Employment Discrimination Charge of Discrimination and Affidavit with the Equal Employment Opportunity Commission ("EEOC") referencing race discrimination and retaliation in employment. A true and correct copy is attached hereto as Exhibit "A".

29.

The United States Department of Justice, Civil Rights Division, has not filed a civil action with respect to Plaintiff's charge, nor has the EEOC entered into a conciliation agreement with the parties hereto. On March 3, 2023, the United States Department of Justice, Civil Rights Division, issued a Notice of Right to Sue, which Notice was received by Plaintiff after March 3, 2023, authorizing Plaintiff to proceed with a civil action. A true and correct copy is attached hereto as Exhibit "B" of this Complaint.

## COUNT I

30.

The defendants' actions in subjecting Plaintiff to race discrimination and retaliation constitute unlawful discrimination in violation of Title VII. This claim is brought against **CCSD** as there is no individual liability under Title VII although **CCSD** is responsible for the acts and/or omissions of its employees.

## COUNT II

31.

The defendants' actions in subjecting Plaintiff to race discrimination and retaliation constitute unlawful intentional discrimination in the making and enforcement of a contract in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

32.

As a result of the unlawful actions of the defendants, Plaintiff has suffered emotional pain, mental distress, inconvenience, mental anguish, loss of enjoyment of life, loss of income, and benefits of employment. Defendants have acted with actual malice and the intent to harm Plaintiff.

33.

As a direct and proximate result of the **CCSD's** and **Ward's**

knowledge, condonation, and ratification of its race discrimination and retaliation against Plaintiff, Plaintiff has lost past and future wages and benefits and has otherwise suffered mental anguish, emotional harm and distress, humiliation, embarrassment and physical discomfort.

34.

Upon information and belief, the aforesaid customs, policies, practices, and systemic deficiencies of **CCSD** arose through the conscious decisions and/or deliberate indifference of the CCSD and the policy makers and final decision-makers, including but not limited to, **Ward.**

## COUNT III

35.

The defendants' actions in subjecting Plaintiff to race discrimination and retaliation under the color of state law constitute intentional discrimination in violation of  the equal protection clause of Fourteenth Amendment to the United States Constitution which may be remedied through 42 U.S.C. § 1983 brought pursuant to 42 U.S.C. § 1983  to redress Plaintiff's rights to be free from race discrimination and retaliation under the United States Constitution. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

36.

The defendants have wilfully and wantonly disregarded Plaintiff's rights, and the defendants' actions against Plaintiff were undertaken in bad faith.

37.

As a result of the unlawful actions of the defendants, Plaintiff has suffered emotional pain, mental distress, inconvenience, mental anguish, loss of enjoyment of life, loss of income, and benefits of employment.

## COUNT IV

38.

The defendants' actions in discriminating and retaliating against Plaintiff violated Plaintiff's constitutional rights under the equal protection and due process clauses of the Constitution of the State of Georgia. The defendants treated Plaintiff differently from similarly situated white employees. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

## COUNT V

39.

The defendants breached Plaintiff's written employment contract and/or wrongfully discharged him when they terminated him without following the policies and/or procedures of the CCSD and without affording him the protections he was entitled to under the

law. The defendants also breached the written contract with Plaintiff when they forced Plaintiff to leave work before the expiration of his contract. As of the date of this Complaint, Plaintiff had not been allowed to return to work. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

## COUNT VI

40.

Plaintiff made several requests, including requests on or about in May 21, 2021, and on or about June 25, 2021, to the defendants under the Georgia Open Records Acts for public documents. The defendants did not respond to these requests in accordance with law, and the defendants failed to produce all of the documents that Plaintiff had requested. The defendants acted without substantial justification in not complying with the requirements of the Georgia Open Records Act failing to produce certain documents requested. By failing to produce public documents that are subject to disclosure under the Georgia Open Records Act, the defendants have violated the Georgia Open Records Act. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

## COUNT VII

41.

Plaintiff is requesting declaratory relief, pursuant to

O.C.G.A. § 9-4-1 et seq. and O.C.G.A. § 9-4-3, to establish that he was entitled to a hearing under the policies of the CCSD and that the CCSD did not follow its written policies with regard to Plaintiff's written grievance complaint with regard to Plaintiff's hearing, appeal, decision, and relief Plaintiff is seeking declaratory relief to determine whether or not he was entitled to a written reason for his termination under Georgia law, and whether his contract was renewed by operation of the law under Georgia. Plaintiff is requesting relief for the 2020-2021 school year, the 2021-2022 school year, the 2022-2023 school year and each year thereafter. Plaintiff is requesting prospective injunctive relief for each such year.  This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

### COUNT VIII

42.

Plaintiff brings this action for injunctive and/or mandamus and other relief and it is brought pursuant to Georgia law. Plaintiff hereby requests, pursuant to O.C.G.A. § 9-6-20 et seq., that this Court force the defendants to provide Plaintiff with the hearing to which he is entitled to, and there is no other specific legal remedy for the legal rights. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

16

43.

Plaintiff prays that this Court issue him a mandamus nisi.

44.

Plaintiff prays that his mandamus nisi be made absolute upon a hearing.

## **COUNT IX**

45.

The defendants knew or should have reasonably known that as a result of the aforementioned egregious and outrageous conduct Plaintiff would be subjected to severe mental and emotional distress, pain and suffering. The defendants acted intentionally, wilfully, maliciously and purposely, with the intention to inflict emotional distress upon Plaintiff, or with reckless disregard of the probability of causing Plaintiff emotional distress. This claim is brought against the defendants **CCSD** and **Ward** in his official capacity as an employee of **CCSD** and as an individual.

46.

The aforementioned conduct of the defendants constitutes intentional infliction of emotional distress, and as a result of these acts, Plaintiff has suffered severe and grievous emotional distress, anxiety, nervousness, humiliation, pain and suffering, and physical manifestations thereof. By intentionally inflicting emotional distress upon Plaintiff, Ward has violated Georgia law, and is liable to Plaintiff for compensatory damages, damages for

pain and suffering, and punitive damages. The defendant CCSD is responsible for the acts and/or omissions of its employees through the doctrine of respondeat superior under Georgia law.

47.

The CCSD and Ward are liable to Plaintiff for compensatory damages and attorney's fees under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 42 U.S.C. § 2000-e, for causing Plaintiff to be deprived of his federal constitutional rights.

WHEREFORE, Plaintiff demands judgment against the defendants for back pay, front pay, lost employment benefits, compensatory damages, punitive damages, attorney's fees and costs and other such relief as this Court deems just and equitable.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and prays that this Honorable Court:

a) adjudge the defendants to have engaged in unlawful employment discrimination and retaliation in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983;

b) adjudge the defendants to have engaged in employment discrimination and retaliation in the making and enforcing of contracts in violation of § 1981;

c) award Plaintiff compensatory damages for the violation of his statutory and constitutional rights, breach of contract, and intentional infliction of emotional stress in an amount to be determined by the enlightened conscience of the jury, including

damages for loss of income, emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d) award Plaintiff punitive damages for the unlawful intentional discrimination against him and to deter the conduct of the defendants pursuant to federal and state law punitive damages statutes;

e) reinstate Plaintiff to his former positions and award Plaintiff prospective injunctive relief to include reinstatement to his former positions and the salary that he lost as a result of the discrimination against him;

f) award Plaintiff costs of this action and his reasonable attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 2000-e, including interim and final attorney's fees;

g) award Plaintiff injunctive relief to prevent defendants from discriminating against him, and retaliating against him; and

h) award Plaintiff such further relief, equitable or legal, that this Court may deem just and proper.

This the 23rd day of March, 2023.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF MAURICE LUTHER KING, JR.,P.C.

BY: /s/Maurice Luther King, Jr.
    MAURICE LUTHER KING, JR.
    ATTORNEY FOR PLAINTIFF
    STATE BAR NO. 421145
    mauricek6@aol.com
POST OFFICE BOX 72071
ALBANY, GEORGIA 31708-2071
(229) 639-0619

19